# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. HAMILTON, ) | Case No. 2:17-cv-02856-JCM-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL JUSTICE DEPARTMENT, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Presently before the court is pro se Plaintiff Michael A. Hamilton's application to proceed *in forma pauperis* (ECF No. 1), filed on November 14, 2017.

Under 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, effective June 1, 2016, a $50.00 administrative fee applies for filing a civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.

Based on Plaintiff's affidavit, his monthly income is $944 per month, and his monthly expenses are approximately $675. Plaintiff declares he has $11 in cash, and no other assets. Plaintiff does not identify any debts or persons he supports.

Upon review, Plaintiff has not demonstrated that he is unable to pay the costs of related to this litigation. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294

1

F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350)); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).  The court therefore will deny Plaintiff's application to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that within thirty days of this order, Plaintiff must either pay the full filing fee of $400, or file a renewed application to proceed *in forma pauperis*.  Failure to either pay the filing fee or file a renewed application to proceed *in forma pauperis* will result in a recommendation that this case be dismissed.

DATED: November 30, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge